IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JEREMY KENNEDY,                                                    PLAINTIFF
ADC #093061

v.                      No: 5:13-cv-376-DPM

RAY HOBBS; LARRY MAY;
GREG HARMON; UNITED STATES OF AMERICA;
UNITED STATES FEDERAL COURT SYSTEM        DEFENDANTS

### ORDER

Motion for reconsideration, № 6, denied. The Court entered judgment in this § 1983 case after finding that Kennedy had failed to pay the filing and administrative fees and was a "three-striker" under 28 U.S.C. § 1915(g). Kennedy now disputes that at least two dismissals, *Kennedy v. Byers*, 5:04-cv-8, and *Kennedy v. Minor*, 5:04-cv-46, are not strikes due to a change in the law, and moves for reconsideration.

Kennedy is correct that a dismissal for failure to exhaust is not a strike. *Owens v. Isaac*, 487 F.3d 561, 563 (8th Cir. 2007). But in both *Byers* and *Minor*, his cases were not dismissed for failure to exhaust, but for failure to state a claim, and appropriately so. Those cases were *Heck*-barred because Kennedy

challenged "actions whose unlawfulness would render a conviction or sentence invalid[.]" *Heck v. Humphrey*, 512 U.S. 477, 486 (1994); *Portley-El v. Brill*, 288 F.3d 1063, 1066 (8th Cir. 2002).

Since *Edwards v. Balisok*, 520 U.S. 641 (1997), the law has not changed; in order to challenge the loss of good time credits, Kennedy had to file a writ of habeas corpus, not an action under § 1983. *Entzi v. Redmann*, 485 F.3d 998, 1003 (8th Cir. 2007). The courts' dismissals in *Byers* and *Minor* pursuant to *Heck* are strikes under § 1915(g). *E.g., Rivera v. Allin*, 144 F.3d 719, 730-31 (11th Cir. 1998); *see also Armentrout v. Tyra*, 1999 WL 86355 (8th Cir. 1999)(*per curiam*)(unpublished opinion). If Kennedy wishes to pursue this case, he must pay $400.00 (the statutory filing and administrative fees) and move to reopen the case by 7 February 2014.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

23 January 2014